## WILLIAM J. DEVINE, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Right of one brought before the Special Sessions to give bail to answer to an indictment — what is a waiver of such right — What facts do not constitute larceny — Chap. 390 of 1879 is constitutional.*

The plaintiff in error upon being brought before the police justice of the town of Watervliet, acting as a Court of Special Sessions, upon a warrant charging him with the offence of petit larceny, pleaded not guilty, and the said plea was duly entered in the minutes of the court. The case was then, upon his application, twice adjourned. On the last adjourned day he appeared and stated that he would waive an examination, and offered to give bail to appear and answer any indictment that might be found against him. The justice refused to permit him to do so, and he was thereupon tried and convicted, and sentenced for the said offence..

*Held,* that the accused by pleading to the charge, without objecting, and applying for and obtaining two adjournments, had waived his right to waive an examination and give bail.

The accused was drinking in the complainant's saloon when one of the party gave a dollar bill to the bar-tender, who gave back the change to such person, and put the bill in the money drawer, which was left open. While the bar-tender was stooping down to take a bottle from under the counter the accused reached over the counter and took the bill from the drawer; he made no attempt to secrete it, and at once returned it with the remark "that it was done in fun."

*Held,* that these facts did not justify a conviction of petit larceny.

Chapter 390 of 1879 conferring upon Courts of Special Sessions exclusive jurisdiction, in the first instance, to hear and determine certain crimes and offences therein mentioned, is constitutional and valid.* (LEARNED, P. J., dissenting.)

*People* v. *Rawson* (61 Barb., 619), followed.

CERTIORARI to the Court of Sessions of the county of Albany, to review an order quashing a *certiorari* issued to the police justice of Watervliet, to review the conviction and sentence of the plaintiff in error at a Court of Special Sessions for petit larceny, and affirming the said conviction and sentence.

BOCKES, J. :

The defendant was convicted by a magistrate acting as a Court of Special Sessions, of the crime of petit larceny. When arrested and brought before the magistrate, and being apprised of the offence charged, he pleaded not guilty, and his plea was duly entered in the minutes of the court. He then applied for an adjournment of the case, and his application was granted for a period of two days, at which time a further adjournment was granted him until the following day. At this time, on his appearance before the court, he stated that he would waive an examination and offered bail for his appearance to answer any indictment to be found against him by the grand jury. The magistrate returns as follows : " *This I denied, under chap.* 390 *of the Laws of* 1879." A trial was then had, and he was convicted of the offence charged against him, and sentence therefor was pronounced. The conviction and sentence was affirmed by the Court of Sessions of Albany county, and thereupon the case was brought into this court for review on certiorari..

Admitting that the defendant had the right, if exercised in due time, to elect to put in bail, and thus avoid a trial before the magistrate, which right will be hereafter considered, that officer

---

* See, to the same effect, *People ex rel. Comaford* v. *Dutcher,* post p. 241.

might well have decided that the offer came too late, as the accused had pleaded to the charge and had taken two adjournments covering a period of three days, and also had given bail for his appearance on one of the adjourned days. These voluntary proceedings on his part, and his omission to offer bail for a period of more than twenty-four hours after his arraignment might well have been held to be a waiver of his right in that regard.

But the decision was not put on that ground. The magistrate held, and as we think correctly, that he was barred of the right to offer bail to answer an indictment by reason of chapter 390 of the Laws of 1879. The decision was put upon the validity and binding force of this act. By this law it is declared that Courts of Special Sessions shall have *exclusive* jurisdiction in the first instance to hear and determine certain crimes and offences, and among them "charges for petit larceny not charged as a second offence." It is very manifest that the right of a party to give bail to answer an indictment in cases like this in hand was intended to be, and in fact was, by the language of the act, superseded and wholly abolished. The purpose of the law was to compel persons charged with those minor offences specified in it, to submit to a trial without indictment. So *exclusive jurisdiction* was given to the Court of Special Sessions to try and determine those offences. The words, "in the first instance," were doubtless inserted in order to defeat a possible construction, that the trial should be held to be final — that is, without a right of review on certiorari or otherwise. But it is insisted that this law of 1879 is void because in conflict with section 2 of article 1 of the State constitution, which declares that "the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." It has been often held that the jury here referred to was a common law jury of twelve men; therefore, it was further held in many cases that, according to the constitution as it stood prior to 1870, all statutes which attempted to confer exclusive jurisdiction upon Courts of Special Sessions were inoperative and void, because in conflict with the constitutional provision above cited. But a new and additional authority was conferred upon the Legislature by an amendment of the constitution which took effect on the 1st of January, 1870. By this new provision (§ 26 of art. 6) it is

declared that "Courts of Special Sessions shall have such juris-diction of offences of the grade of misdemeanors as may be pre-scribed by law." Under the authority of this constitutional pro-vision (§ 26, above cited), the act of 1879, giving Courts of Special Sessions exclusive jurisdiction in certain cases, was enacted. This section (26) was doubtless intended to qualify and limit sec-tion 2 of article 1 in its operation, in order to meet and over-come the decisions of the courts made prior thereto, giving con-struction to the latter section. It was intended to confer an authority upon the Legislature not before possessed by that branch of the government. It gave authority to the Legislature to abridge the right of trial by a common law jury of twelve men, in certain cases, and this authority was exercised by the passage of the law of 1879. So section 2 of article 1 must be read and construed in connection with section 26 of article 6, and when so considered the constitutional provisions under discussion will stand as follows : "The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever," except that "Courts of Special Sessions shall have such jurisdiction of offences of the grade of misdemeanors as may be prescribed by law."

Thus read and construed both provisions may have such effect as was very plainly intended by their adoption. As was said in the *People* v. *Rawson* (61 Barb., 619, p. 628), "this provision" (§ 26, art. 1), "must be held to operate as an amendment to the constitution of 1846; as it stood when the decision was made in the *People* v. *Toynbee* (*supra*), and it must have been so designed by the electors who adopted the new judiciary article;" and further, "the provision was doubtless designed to remedy a defect in our criminal jurisprudence * * * in reference to the trial and punishment of offences against the law of the grade of misde-meanors ;" and still further, "of course it was not proposed by the convention, nor adopted by the electors, as a mere idle form of words. It was designed to effect some change, and to accomplish some definite object and purpose. This object is I think very plain. It was to enable the Legislature in its discretion to confer upon these inferior courts just that unqualified and exclusive jurisdic-tion in the lower grade of offences which it was held not to pos-sess," by the decisions of the courts theretofore pronounced.

With this line of reasoning, by the court in the case cited, we entirely concur. The precise question now before us was under examination in that case. It arose upon a law made applicable to misdemeanors committed in the county of Monroe, which law was enacted but a few months after the new provision of the constitution took effect. The present general law differs from the local act referred to and considered in the case cited, only in its territorial application. For many other suggestions, and for authorities bearing on the question here under examination, we shall content ourselves by a reference to the very able opinion of Mr. Justice JOHNSON in *Rawson's Case*, which opinion was concurred in by Justices MULLIN and TALCOTT. It was there decided that a law similar in its provisions to that of chapter 390 of the Laws of 1879, passed since the amendment of the constitution of 1869, was constitutional and binding upon the courts. It follows, therefore, that the magistrate acting as a Court of Special Sessions in this case, correctly held that, under the act of 1879 above cited, that court had exclusive jurisdiction of the offence charged against the defendant, and that he was bound to try it, and had no right to accept bail from the accused to answer an indictment by the grand jury. We are of the opinion that the decision of the magistrate in this regard was entirely sound in law. Were there no other difficulty in the case we should hold that the conviction was correctly affirmed by the Court of Sessions.

But we are not satisfied that the conviction was right on the facts proved. It appears that the defendant, with others, was drinking in the complainant's saloon, when a dollar bill was paid to the bar-tender by one of the party.. The bar-tender gave back the change to the person who made payment, and put the bill into the money-drawer, leaving it open. He then stooped down to take a bottle from under the counter, when the defendant reached over and took the bill. His action was in no respect secret; nor does it appear that he attempted to hide the bill from observation; and he at once returned it with the remark, then permitted to pass undisputed, that his action was in fun. The defendant on the trial swore that he took the bill in fun, and all the circumstances surrounding the act tend to support his assertion. Similar acts of taking money or small articles of property from asso-

ciates in joke, situated as these persons were, at a saloon counter on a drinking bout, are of almost daily occurrence. Such conduct is silly and frequently leads to altercation, but it falls far short of larceny, in the absence of all proof of secret action or of evidence tending clearly to show an intent to deprive the owner of his property. Innocence must be presumed. Guilt can be established only by clear and convincing proof. The evidence was insufficient to establish a criminal intent. We are of the opinion that the conviction is not supported by the proof; hence it should be reversed for this reason. The conviction by the police justice and its affirmance by the Court of Sessions must be reversed.

BOARDMAN, J., concurred on both of the questions discussed.

LEARNED, P. J. :

I am unable to assent to that part of the foregoing opinion which holds chapter 390 of the Laws of 1879 to be constitutional, so far as it deprives an accused of the right of trial by a common law jury.

It is not disputed that the right secured by article 1, section 2 of the constitution is a right to be tried by a common law jury. This article of the constitution, being that which touches personal rights, must be maintained. Other parts must yield to this, if necessary.

Where the constitution permits in article 6, section 26, jurisdiction of misdemeanors to be given to Courts of Special Sessions, this must be construed so as not to take away the right of the accused in such courts to be tried by a common law jury, in cases where such trial was used at the adoption of the constitution. And unless the Legislature, while giving these courts jurisdiction of offences, provide also for a common law jury therein, I think that the legislation is unconstitutional. I do not see why such courts might not, by proper legislation, be authorized to summon a common law jury, and thus secure to the accused his constitutional rights.

Conviction by police justice and affirmance by Court of Sessions reversed.